IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-527-D

| | | |
|---|---|---|
| MICHAEL L. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On May 28, 2009, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 23]. In that M&R, Judge Webb recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 15], grant defendant's motion for judgment on the pleadings [D.E. 17], and affirm the final decision of defendant. On June 8, 2009, plaintiff filed objections to the M&R [D.E. 24]. On June 12, 2009, defendant filed a response to plaintiff's objections [D.E. 26]. On July 13, 2009, plaintiff filed an addendum to plaintiff's objections [D.E. 27].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. Plaintiff contends that Judge Webb incorrectly evaluated the record in determining that substantial evidence supports the Administrative Law Judge's ("ALJ") finding that plaintiff was not disabled during the relevant period. See Pl.'s Objections to M&R 1–6.

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997).

Initially, the court rejects plaintiff's argument the Judge Webb incorrectly evaluated the record. The M&R makes clear that Judge Webb applied the proper standard of review. Moreover, the ALJ's evaluation of "opinion evidence" and plaintiff's non-compliance with prescribed

2

treatment was supported by substantial evidence, and the ALJ properly evaluated and relied on this evidence. See 20 C.F.R. §§ 404.1527, 404.1530(b), 416.930(b); M&R 14–18. Accordingly, the court overrules plaintiff's objections concerning Judge Webb and the ALJ.

Next, plaintiff argues that new and material evidence exists. See Pl.'s Add. to Objections 1–2. The court construes plaintiff's addendum to his objections as a motion to reverse the decision of the ALJ or to remand. See Pl.'s Add. to Objections 1 ("New and material evidence has surfaced which we believe should cause the [c]ourt to reverse the decision of the prior [ALJ] or perhaps to remand the file.").

The court's remand authority "is confined to those circumstances specifically defined in § 405(g)." Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991). A court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon [plaintiff's] showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see Miller v. Barnhart, 64 Fed. Appx. 858, 859–60 (4th Cir. 2003) (per curiam) (unpublished). Evidence is "new" if it is not "duplicative or cumulative." Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir.1991) (en banc). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome" of the ALJ's decision. Id. To meet this standard, the subject evidence must "relate to the period on or before the date of the ALJ's decision." Salling v. Apfel, No. 99-1772, 1999 WL 1032616, at *2 (4th Cir. Nov. 15, 1999) (per curiam) (unpublished). For instance, in Phillips v. Apfel, plaintiff submitted information regarding his scores on childhood IQ tests as new evidence. No. 98-1221, 1999 WL 104608 (4th Cir. Mar. 3, 1999) (per curiam) (unpublished). Phillips showed good cause for his failure to submit the records earlier, because plaintiff "used a different name while in school, and this raised some difficulty in recovering [the

3

records]," and the scores were material because they related to a time before the ALJ's decision. See id. at *1.

Here, plaintiff asserts that plaintiff's newly-obtained IQ scores constitute new and material information that plaintiff "has been disabled all along." See Pl.'s Add. to Objections 2. However, plaintiff took the tests that resulted in the IQ scores on July 2, 2008. See Pl.'s Add. to Objections 1. Thus, unlike in Phillips, plaintiff's IQ scores were based on tests taken after the ALJ's decision, which issued on April 24, 2008. Therefore, plaintiff fails to show that the IQ tests are material, because they do not relate to the period "on or before the date of the ALJ's decision." Salling, 1999 WL 1032616, at *2. Hence plaintiff's motion is denied.

Accordingly, the court adopts the M&R [D.E. 23]. Plaintiff's motion for judgment on the pleadings [D.E. 15] is DENIED, defendant's motion for judgment on the pleadings [D.E. 17] is GRANTED, and the final decision of defendant is AFFIRMED.

SO ORDERED. This 10 day of December 2009.

JAMES C. DEVER III
United States District Judge

4